UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERMAN JAMES, | : | |
|     Petitioner, | : | |
| | : | Crim. No.: 3:02-cr-334 (PCD) |
| v. | : | Civ. No.: 3:05-cv-1365 (PCD) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

**RULING ON PETITIONER'S MOTION TO CORRECT
HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Petitioner, Herman James, moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's Motion [Civ. Doc. No. 1] is **denied**.

**I.   BACKGROUND**

Petitioner Herman James was arrested in 2002 and charged with counterfeiting and the illegal possession of a firearm by a convicted felon. Federal Public Defender Paul Thomas was appointed to defend Petitioner, however, he resigned from the case in December 2002 due to health problems. Attorney Richard Cramer was next appointed, but it was later discovered that Attorney Cramer had represented an informant who was to be a government witness against Petitioner. Attorney Cramer withdrew from the case citing a conflict of interest, and Attorney David Moraghan was appointed in his place.

Petitioner alleges that Attorney Moraghan quickly began trying to "coerce" him into pleading guilty, telling him that he would get a lighter sentence if he pled guilty than if he was convicted at trial. Petitioner refused to plead guilty, and trial preparations continued. When jury selection began, Attorney Moraghan allegedly brought Petitioner's mother to court and used her to try and "coerce" a guilty plea, but he again refused to plead guilty. Petitioner claims that

Attorney Moraghan told him that he would get a two-point reduction in his sentence for accepting responsibility if he pled guilty. During jury selection, Attorney Moraghan passed Petitioner a note from his mother asking him to plead guilty. Petitioner claims that by observing the "polished" performance of the U.S. Attorney during voir dire and comparing it to the "incompetent" appearance of his own attorney, he succumbed to the pressure that was being placed on him to plead guilty. As Petitioner explained:

> The Movant felt [an] enormous amount of pressure [to] plead guilty. However, the Movant didn't plead guilty on his own conscience, but was mentally and physically coerced or forced into pleading guilty." (Pet'r Mot. 3-4.)

In return for his guilty plea, several counts were dropped from the indictment and the U.S. Attorney agreed not to prosecute Petitioner for an earlier parole violation. The Court conducted a Rule 11 inquiry before accepting Petitioner's guilty plea. After Petitioner pled guilty, Attorney Moraghan removed himself from the case due to bad health, and Attorney Jonathan Einhorn was appointed to represent Petitioner for sentencing. At sentencing, Petitioner received sixty-six months in prison, three years probation, and no reduction for accepting responsibility. The Government's Sentencing Memorandum stated that "James has shown absolutely no remorse or contrition."

After sentencing, Attorney Einhorn also assisted Petitioner with an appeal of his sentencing. The Second Circuit remanded Petitioner's case for resentencing based on the recent cases United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and United States v. Fagans, 406 F.3d 138, 142 (2d Cir. 2005). See United States v. James, No. 04-6336-CR (2d Cir. Jun 29, 2005). Petitioner is scheduled to be resentenced by this Court in September 2006.

Petitioner included an additional argument in his § 2255 petition, claiming that:

> I ask my lawyer to remove himself from my case during the time I was schedule for trial my lawyer told me that he wouldn't remove from counsel and beside he and the Judge are good friends and he will not remove my lawyer." (Pet. 5-6.)

Petitioner said that this exchange occurred during "the attorney and detainee conference." It is not clear which conference he is referring to, nor is it clear which of his attorneys allegedly said this, but it appears that he is referring to Attorney Moraghan.

## II.   § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

28 U.S.C. § 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. See 28 U.S.C.A. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962).

Petitioner is challenging his sentencing in this Court and argues that his Sixth Amendment right to the assistance of counsel was violated by his attorney's deficient performance. Specifically, Petitioner argues that he was told that he would receive a lower sentence and that his attorney did not object to an improper sentence enhancement that he received. Since his case has been remanded for resentencing, this motion is moot. Petitioner will be resentenced and will be able to make new arguments with a new attorney. Once Petitioner is resentenced, his argument that his initial sentence was inappropriate due to

3

ineffective assistance of counsel will be moot. Petitioner has several complaints about his sentence, however, and it is not clear that all of them were addressed by the Second Circuit's remand.[1] Therefore, Petitioner may appeal these issues after resentencing if the resentencing fails to address the problem.

### III.    MOTION TO WITHDRAW GUILTY PLEA

Although Petitioner's claims about improper sentencing are moot, Petitioner's Motion could also be properly viewed as a Motion to Withdraw his Guilty Plea. Petitioner repeatedly claimed that his plea was "coerced," and his Response to the Government's Response says that his plea was that of a "dummy" to the attorney's "ventriloquist act." (Pet'r Resp. to Gov't Resp. 3.)

Since Petitioner is pro se, this Court will consider whether he should be allowed to withdraw his guilty plea due to coercion. The Court requested that Attorney Moraghan file an affidavit responding to Petitioner's allegations. Attorney Moraghan filed the requested affidavit on June 22, 2006.

**A.  Standard of Review**

Different standards apply to withdrawing a guilty plea before and after sentencing. See Fed. R. Crim. P. 11(d)-(e).[2] Rule 11(d)(2)(B) permits withdrawal of a guilty plea prior to the

---

[1] For example, Petitioner argues that his sentenced was improperly enhanced based on a count that was dismissed from the indictment and that he can not be punished for something that he did not plead guilty to. He also claims that his sentence was enhanced based on charges that were never submitted to a Grand Jury and that this is also improper. Petitioner's resentencing post-Booker may or may not address these issues.

[2] The Government's brief refers to Rule 32(d), which previously controlled the withdrawal of guilty pleas. Recent amendments have moved Rule 32(d) to Rule 11(d)-(e). The language was moved and reworded, but important factors to consider remain generally the same. See Fed. R. Crim. P. 11, 32, advisory committee's notes (2002 Amendments).

imposition of sentence "if . . . the defendant can show a fair and just reason for requesting the withdrawal." Thus, although the Second Circuit has said that motions to withdraw guilty pleas should be liberally granted, <u>see</u>, <u>e.g.</u>, <u>United States v. Gonzalez</u>, 970 F.2d 1095, 1100 (2d Cir.1992), the defendant "bears the burden of showing that there are valid grounds for withdrawal." <u>United States v. Schmidt</u>, 373 F.3d 100, 102 (2d Cir.2004). "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." <u>Gonzalez</u>, 970 F.2d at 1100.

In determining whether there is a fair and just reason for withdrawal of a guilty plea, a district court should consider: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea. <u>United States v. Baum</u>, 380 F. Supp. 2d 187, 203-04 (S.D.N.Y. 2005). Courts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea. <u>Id.</u> The standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas. Allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice. <u>Id.</u>

In this situation, however, since Petitioner has already been sentenced, he must meet the

higher burden of undermining his plea by collateral attack.[3]  Fed. R. Crim. P. 11(e).  Although the Second Circuit has not spoken explicitly on this issue, other circuits have suggested that courts should avoid allowing guilty pleas to be withdrawn after sentencing because it allows defendants to "test" their sentence and then withdraw their plea if they are dissatisfied.  See United States v. Stayton, 408 F.2d 559, 560-61 (3rd Cir. 1969);  Sherman v. United States, 383 F.2d 837, 840 (9th Cir. 1967);  Kadwell v. United States, 315 F.2d 667, 670 (9th Cir. 1963).  When a judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative, conviction and plea, as a general rule, forecloses collateral attack.  United States v. Broce, 488 U.S. 563, 569, 109 S. Ct. 757, 762, 120 L. Ed. 2d 927 (1989).  Therefore, the threshold question before this Court is whether Petitioner's plea was counseled and voluntary.

The Constitution insists that the defendant enter a guilty plea that is "voluntary" and, in doing so, must make all related waivers knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences.  United States v. Ruiz, 536 U.S. 622, 629, 122 S. Ct. 2450, 2455, 153 L. Ed. 2d 586 (2002).  In order to be "counseled," a defendant must be properly advised of the consequences of his plea.  See Fed. Rules of Crim. P. 11.  Ineffective assistance of counsel may be sufficient to turn a voluntary plea into an involuntary one.  See Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369, 88 L. Ed. 2d 203 (1985) (holding that "the

---

[3] Even though Petitioner must meet a more stringent standard, many of the concerns expressed in the more lenient Rule 11(d)(2)(B) standard remain valid.  For example, justice should still be the main focus of the Court.  Also, delays in attacking the sentence and the lack of assertions of innocence can still be factors weighing against credibility.

voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases") (quotation and citation omitted).

### B.  Discussion

Petitioner advances several claims for relief, offering four reasons why his plea was not counseled and not voluntary. He argues that (1) he would not have plead guilty if he had known his attorney would not contest his harsh sentence, (2) he pled guilty only after his attorney assured him that he would receive a deduction, (3) he was coerced into his plea by his attorney, and (4) he tried to fire his attorney and was unable to do so. Petitioner does not allege any problems with the Court's Rule 11 instructions during sentencing.[4] Most of Petitioner's claims attempt to undermine the voluntariness of his plea because of the alleged coercion or deception. Since Petitioner claims that his attorney is the one at fault, these arguments can also be understood as claims of ineffective assistance of counsel. To evaluate a defendant's challenge to the validity of a plea entered into upon advice of counsel based on a claim of ineffective assistance of counsel, courts should apply the two part test laid out by the Supreme Court in Strickland v. Washington. See Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Specifically, Petitioner must show that his attorney's representation fell below an objective standard of reasonableness, as determined by the range of competence required in a criminal cases. Id. If Petitioner is able to satisfy this initial requirement that he show prejudice, he then "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted in going to trial." Id. at 59.

---

[4] Neither side attached the Rule 11 transcript or pointed to any problems with it. The Government's Response stated that the transcript wasn't available yet. Therefore, the Court assumes that the standard Rule 11 questions were asked and answered affirmatively in the usual manner.

Petitioner never states in his Petition or his Response that he should be allowed to withdraw his guilty plea because he is in fact innocent. At most, Petitioner states that he did not plead guilty "on his own conscience," but this is not an assertion of innocence. Although not all circuits consider an allegation of innocence to be material, see Leonard v. United States, 231 F.2d 588, 591 (5th Cir. 1956), the Second Circuit has emphasized the importance of an assertion of innocence. See United States v. Lo Duca, 274 F.2d 57, 59 (2d Cir. 1959); United States v. Norstrand Corp., 168 F.2d 481, 482 (2d Cir. 1948); Welton v. United States, 313 F.Supp. 729, 729 (E.D.N.Y. 1970). Accordingly, this factor weighs against withdrawing Petitioner's plea.

Delays in raising attacks on the validity of guilty pleas also tend to weigh against withdrawing a plea. See United States v. Baum, 380 F. Supp. 2d 187, 203 (S.D.N.Y. 2005); Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970). Petitioner has waited nine months to raise this issue,[5] which makes Petitioner's statements less credible. Both Petitioner's delay and his failure to claim innocence weigh against granting Petitioner's motion.

### 1. Attorney's Failure to Object to Sentence Enhancement

Petitioner's claim that his attorney should have prevented an increase in his sentence is grounds for an appeal - which Petitioner has already successfully completed - but it is not grounds for withdrawing his guilty plea. The Court informed Petitioner of the range of sentences he could receive, and his sentence was within that range. He also was informed that his sentence was a matter of the Court's discretion, subject to the statutory maximum and the Guidelines. He acknowledged that information and stated his understanding of it. Regardless, since Petitioner will be resentenced, this claim is moot.

---

[5] Petitioner was sentenced on November 18, 2004. He signed his Petition on August 19, 2005.

### 2.  Assurances that Petitioner Would Receive a Deduction

Petitioner claims that he was told by his attorney that if he pled guilty he would receive a two-point deduction for acceptance of responsibility.  He claims that Attorney Moraghan promised this reduction in order to convince him to plead guilty, and that since the reduction was not received, this constituted ineffective assistance of counsel.

At sentencing, it is important for the judge to ascertain whether acceptance of a plea agreement is based on promises made outside of the plea agreement.  See Boykin v. Alabama, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969); United States v. Fels, 599 F.2d 142, 147 (7th Cir. 1979); United States v. Gray, 584 F.2d 96, 97 (5th Cir. 1978).  This is typically done as part of the Rule 11 colloquy.  Where the invalidity of a plea of guilty is asserted in the context of a § 2255 motion, the court's duty is to examine the record of the plea proceedings to determine if the judge who accepted the plea of guilty complied with Rule 11, i.e. whether that record demonstrates that the defendant's plea was made voluntarily with an understanding of the nature of the charge and whether there was a factual basis for the plea. Seiller v. United States, 544 F.2d 554, 567 (2d Cir. 1977).  A defendant's belief that he will receive a lower sentence is generally not grounds to withdraw a plea when the range of potential sentences were explained.  United States v. Lambey, 974 F.2d 1389, 1394-95 (4th Cir. 1992).

On the other hand, deception that induces a plea agreement is considered to undermine the validity of the plea.  "A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." Machibroda v. United States, 368 U.S. 487, 493, 82 S. Ct. 510, 513, 7 L. Ed. 2d 473 (1962).  Accordingly, Courts should endeavor to protect against convictions based upon guilty pleas induced by coercion, misunderstanding, or general

9

confusion. See United States ex rel. Rosa v. Follette, 395 F.2d 721, 724 (2d Cir. 1968). If a plea is induced by defense counsel's misrepresentation of the prosecutor's promise, the plea should be vacated as involuntary. United States v. Marzgliano, 588 F.2d 395 (3d Cir. 1978); Petraborg v. United States, 432 F.2d 1194, 1197 (7th Cir. 1970). Thus, where counsel represents that an agreement has been made with the U.S. Attorney, even if no such agreement exists, a defendant may collaterally attack a plea induced by the misrepresentation. McAleney v. United States, 539 F.2d 282, 284 (1st Cir. 1976). But cf. United States v. Parrino, 212 F.2d 919, 921 (2d Cir. 1954) (holding that erroneous information by defense counsel is not sufficient to withdraw a guilty plea where there was no evidence of misconduct), cert. denied, 348 U.S. 840, 75 S. Ct. 46, 99 L. Ed. 663.

     In this situation, the Court declines to allow Petitioner to withdraw his plea. The Rule 11 colloquy included a verification that Defendant's plea is not based on any outside promises. Petitioner claimed to understand the proceedings. Attorney Moraghan's statements that Petitioner should get a two-point reduction in his sentence do not seem based on any asserted "deal" with the prosecutor. The signed plea agreement explicitly states that no promises not included in the agreement are binding, (Plea Agreement 8), and that the Court will determine the final sentence, (Id. at 5). Attorney Moraghan explained in his affidavit that he told Petitioner that he would "receive a deduction for acceptance of responsibility conditioned on his full, complete, and truthful disclosure." (Moraghan Aff. ¶ 8.) Attorney Moraghan's statement, in light of the Plea Agreement and the Rule 11 colloquy, is not sufficient grounds, without a showing of misconduct, to withdraw Petitioner's guilty plea. See United States v. Parrino, 212 F.2d 919 (2d Cir. 1954). Defendant was advised and acknowledged his understanding that any credit under

the Guidelines was to be decided by the Court which was not bound by the plea agreement, and that he had not been promised that the Court would impose a particular sentence.

        3.    Coercion

Petitioner's claim that his attorney coerced him into pleading guilty is unusual because most case law deals with coercion by the prosecution. Prosecutors are allowed to make "threats" of higher sentences as long as those sentences are valid under the law. Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 669, 54 L. Ed. 2d 604 (1978); see also North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970) (holding that the prosecution's threat of the death penalty did not make a guilty plea involuntary). Coercion can include a threat that would unfairly cause a regular person to submit, such as when a prosecutor threatens to prosecute the defendant's children unless the defendant pleads guilty. See United States v. Wright, 43 F.3d 491, 498 (10th Cir. 1994).

There is no evidence of coercion in this case. Petitioner claimed that his attorney repeatedly told him that it would be better to plead guilty and even used Petitioner's mother to try and convince him. Defense counsel's blunt rendering of a negative assessment of Petitioner's chances at trial, combined with advice to enter the plea, do not constitute improper behavior or coercion that would suffice to invalidate his guilty plea. See United States v. Juncal, 245 F.3d 166, 172 (2d Cir. 2001). Rather they reflect counsel's fulfillment of the obligation to inform the defendant fully as to the best course of action to protect his rights. He was fully canvassed on, agreed to, and was found to be pleading guilty voluntarily, without being forced or pressured to do so. Although Attorney Moraghan may have been very convincing, there is no evidence that he did anything improper by discussing with Petitioner the pros and cons of a guilty plea. Cf.

United States v. Craig, 985 F.2d 175, 180 (4th Cir. 1993) (rejecting a coercion claim based on defense counsel allegedly "bullying" the defendant into pleading guilty). Petitioner also claims that jury selection showed that he would lose his case, and that these circumstances "coerced" him into pleading guilty. Petitioner's impression of the jury selection process cannot be viewed as coercion. In the same vein, the fact that the government had a strong case and the possibility that Petitioner might lose at trial also does not constitute coercion. These conclusions are bolstered by the fact that when he pled, he was asked if he pled guilty on his own volition, of his own free will, and because he felt it was in his best interest to do so, and he answered affirmatively. A defendant's bald statements now that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea. United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

          4.      Petitioner's Attempt to Fire his Attorney

The Sixth Amendment right to counsel includes the right, for defendants who do not require appointed counsel,[6] to their attorney of choice. See Powell v. Alabama, 287 U.S. 45, 53, 53 S. Ct. 55, 77 L. Ed. 158 (1932); United States v. Gonzalez-Lopez, No. 05-352, 2006 U.S. LEXIS 5165 (June 26, 2006). Gonzalez-Lopez held that deprivation of this right constituted structural error even without a showing that the attorney the defendant actually used was ineffective under Strickland or that the deprivation resulted in an unfair trial. See Gonzalez-Lopez, 2006 U.S. LEXIS 5165, at *12. Therefore, Petitioner's claim that his attorney refused to be discharged raises concerns.

---

[6] Petitioner required, requested, and received appointed counsel throughout the criminal proceedings.

In this case, the concerns raised by Petitioner's allegations are outweighed by the considerations against him. A standard part of the Rule 11 colloquy is an inquiry into whether the defendant was fully informed of his rights by his counsel, that he was satisfied that he was represented as best his attorney could do under the circumstances, and that he was satisfied with his counsel's representation and advice that prompted his guilty plea. Petitioner claimed to be satisfied with his attorney's performance at that time, and Petitioner did not raise any objections to his representation until this motion was brought. Statements at a plea allocution carry a strong presumption of veracity. United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). Petitioner never brought his attorney's purported refusal to withdraw to the Court's attention. In fact, it is not clear which of Petitioner's several attorneys he is referring to, and if he refers to one of the earlier attorneys, his complaint has no merit because he received new counsel. The Court inferred that Petitioner was referring to Attorney Moraghan, who denies Petitioner's allegations that he refused to remove himself from the case and that he claimed that he and the judge were "good friends." (See Moraghan Aff. ¶ 14.) Before Petitioner pled and/or was sentenced, he did not apprise the Court of any dissatisfaction with his representation, nor with a request that his attorney be removed or that any other attorney be appointed to represent him.

The Supreme Court's decision in Gonzalez-Lopez can be distinguished on two grounds. In Gonzalez-Lopez, the trial judge refused to grant a motion to appear pro hac vice from the defendant's attorney of choice. See Gonzalez-Lopez, 2006 U.S. LEXIS 5165, at *5-6. In this case, Petitioner, at his request, was provided with appointed counsel throughout the criminal proceedings against him. The Supreme Court has not extended the right to have the attorney of one's choice to indigent defendants. Moreover, Petitioner's dissatisfaction with his attorney was

13

not brought to the Court's attention during the criminal proceedings, as Petitioner failed to raise this claim at the plea, sentencing, or on appeal.

The Court recognizes a criminal defendant's right to the attorney of his choice, however, the evidence that Petitioner put forth here is not sufficient to allow him to withdraw a guilty plea nine months after he entered that plea and indicated his approval of counsel's performance.

### IV.   CONCLUSION

For the foregoing reasons, Petitioner's Motion [Civ. Doc. No. 1] is **denied**.  Petitioner is scheduled to be resentenced in September 2006.

SO ORDERED.

Dated at New Haven, Connecticut, June  30 , 2006

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court